IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT BINION, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 2:18-cv-544-MHT-WC |
| ) | |
| THE UNITED STATES DEPARTMENT ) | |
| OF AGRICULTURE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.   INTRODUCTION

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 4).  Pending before the court are Defendants' *Motion to Dismiss* (Doc. 37) and Plaintiffs' *Motion for Leave to Amend* (Docs. 41 & 44).

### II.   STANDARD OF REVIEW

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).  However, although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica*

*Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

## III.   DISCUSSION

On February 21, 2019, the Defendants filed a motion to dismiss in this case arguing that the case is due to be dismissed for the following reasons: it is a "shotgun" pleading; insofar as Plaintiffs are attempting to represent a class, *pro* se plaintiffs cannot represent others or bring class claims; the court lacks subject matter jurisdiction over challenges to the *Pigford* consent decrees, to the extent any such claims might be alleged; and that Plaintiffs have failed to state a claim upon which relief may be granted due to the manner in which the complaint is drafted.[1] *See* Doc. 37.  Although the Defendants filed their motion as a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the more appropriate remedy would be to move the court pursuant to Rule 12(e).

The court agrees that Plaintiffs' complaint arguably meets the criteria of a "shotgun" complaint.  Likewise, "a defendant faced with a complaint such as [Plaintiffs'] is not expected to frame a responsive pleading.  Rather, the defendant is expected to move the

---

[1] Understandably, Defendants appear to be struggling to understand what Plaintiffs are alleging.  While the nature and lack of clarity of the First Amended Complaint certainly makes it difficult to easily understand the claims being asserted, it is not impossible.  While the undersigned reserves any recommendation as to the sufficiency of the claims under Fed. R. Civ. P. 12(b)(6), the undersigned finds that, construing the *pro se* pleading liberally, Plaintiffs have articulated claims that can be parsed out after a complete review of the First Amended Complaint. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.") (internal citations omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'") (citation omitted).

court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Rule 12(e) states, in relevant part, that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e).

Therefore, to the extent the Defendants argue that Plaintiffs' First Amended Complaint fails to comply with Rule 8(a), the court construes Defendants' motion as a Motion to Dismiss or in the Alternative for a More Definite Statement under Rule 12(e). *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (holding that prior to "dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies'") (quoting *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)); *Davis v. Main St. Family Pharmacy, LLC*, No. 5:16CV45-MW/GRJ, 2016 WL 9185284, at *1 (N.D. Fla. Apr. 18, 2016) (finding that rather than granting a motion to dismiss, "the better course is to require a more definite statement [. . .] to cure the deficiencies that make it a 'shotgun' pleading."). Accordingly, the court finds that Defendants' construed motion for a more definite statement is due to be granted, and the motion to dismiss is due to be denied in all other respects.

Defendants' motion to dismiss was filed on February 21, 2019, triggering a March 14, 2019, deadline for Plaintiffs' to amend their complaint as a matter of course. *See* Fed.

3

R. Civ. P. 15(a)(1)(B).  On March 18, 2019, only four days past the deadline to amend as a matter of course, Plaintiffs filed their Motion for Leave Pursuant FRCP 15(a)(1)(2)(b) (Doc. 41) seeking to amend their complaint.  Plaintiffs attached their proposed Second Amended Complaint. Doc. 41-1.  Upon review of the proposed Second Amended Complaint, Plaintiffs are cautioned that their amended complaint is required to comply with Federal Rules of Civil Procedure, which provides that:

> **Claim for Relief**. A pleading that states a claim for relief must contain:
>
> > (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> >
> > (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> >
> > (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.
>
> [. . .]
>
> **Paragraphs; Separate Statements**. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. [. . .]  If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 8(a) and 10(b).  Plaintiffs' proposed Second Amended Complaint and it is still, largely, filled with argument and historical facts that are not appropriate or necessary in a complaint and should be reserved for briefing at a later stage in the litigation.  However, the Plaintiffs seek to add a section more appropriately setting forth their Equal Protection claim, and it is drafted in the spirit of Rule 8(a). *See* Doc. 41-1 at 27–30.  The Plaintiffs shall conform the rest of their claims in a similar fashion setting forth each claim

4

individually, establishing that each plaintiff has standing to bring each claim, establishing jurisdiction in the Middle District of Alabama, the facts as alleged, and the relief/damages sought. *See Anderson*, 77 F.3d at 366 ("Where, as here, the plaintiff asserts multiple claims for relief, a more definite statement, if properly drawn, will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading.").

The Plaintiffs are *cautioned* that this is their final chance to properly articulate their claims, and their failure to remedy the defects may result in dismissal of the case with prejudice on shotgun pleading grounds. *See* Fed. R. Civ. P. 12(e) ("If the court orders a more definite statement and the order is not obeyed [. . .], the court may strike the pleading or issue any other appropriate order.")  The Plaintiffs are also *cautioned* that any further motions for leave to amend the complaint will be denied.

### IV.    CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge as follows:

(1) Defendants' *Motion to Dismiss* (Doc. 37) is due to be construed as a Motion to Dismiss or in the Alternative for a More Definite Statement.

(2) Defendants' *Motion to Dismiss or in the Alternative for a More Definite Statement* (Doc. 37) is GRANTED in part insofar as the court construes the motion to request a more definite statement, and DENIED in part to the extent it seeks dismissal of the First Amended Complaint;

(3) Plaintiff's *Motion for Leave to Amend* (Docs. 41 & 44) is hereby GRANTED; and

(4) Plaintiffs' *Motion for Preliminary Injunction and Motion for Order* (Doc. 23), *Motion for Hearing* (Docs. 24 & 34), and *Motion to Defer Motion to Dismiss* (Doc. 42) are due to be DENIED as moot, with leave to refile.

It is further ORDERED that on or before **September 5, 2019**, Plaintiff may file an objection to the Recommendation. Any objection must specifically identify the findings in the Recommendation to which Plaintiff objects. Frivolous, conclusive, or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 22nd day of August, 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE