IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT R. BINION and ) <br> COREY LEA, ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> UNITED STATES DEPARTMENT OF ) <br> AGRICULTURE, *et al.*, ) <br>  ) <br> Defendants. ) | Case No. 2:18-cv-544-MHT-JTA |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiffs Robert Binion and Corey Lea, proceeding *pro se*, commenced this case by filing a complaint on June 1, 2018. (Doc. No. 1.) On March 18, 2019, the plaintiffs filed a motion seeking to amend their complaint and attached a proposed Second Amended Complaint. (Doc. No. 41.) On August 22, 2019, United States Magistrate Judge Wallace Capel, Jr. recommended, *inter alia*, that the plaintiffs' motion for leave to amend be granted but, after finding that the Second Amended Complaint met the criteria of a "shotgun" pleading, directed the plaintiffs to cure some deficiencies in the proposed Second Amended Complaint. (Doc. No. 46.) On September 24, 2019, United States District Judge Myron H. Thompson adopted Judge Capel's Recommendation. (Doc. No. 49.)

Because the plaintiffs were not directed to file a corrected Second Amended Complaint by a date certain, it appears that the Clerk of the Court filed the proposed Second Amended Complaint as the Second Amended Complaint on September 24, 2019. (Doc. No. 50.) The Second Amended Complaint contains a motion for preliminary injunction.

(*See id.* at 30-47.) Specifically, in the Second Amended Complaint, the plaintiffs request "a temporary restraining order and preliminary injunction to enjoin the Assistant Secretary of Civil Rights for the [United States Department of Agriculture ("USDA")], [t]he Secretary of Agriculture Sonny Perdue, and the Office of Administrative Law Judges for the USDA from denying a formal hearing on the merits for Socially Disadvantaged Farmers upon request by affected farmers." (*Id.* at 30.) A few days after the Second Amended Complaint was filed, the plaintiffs filed a Motion to Set Hearing for Preliminary Injunction Argument and Limited Discovery Regarding the Same Matter. (Doc. No. 51.)

This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636.

Before a court will grant a motion for a preliminary injunction, the moving party must show:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that if issued the injunction would not be adverse to the public interest.

*All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (citation omitted). "Preliminary injunctions are issued when drastic relief is necessary to preserve the status quo." *Id.* (citations omitted).

The court recognizes that the plaintiffs are proceeding *pro se*. Thus, their motion and Second Amended Complaint are more leniently construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). This leniency, however, does not

2

excuse a plaintiff from making the showing required to obtain injunctive relief. Considering the plaintiffs have not filed an amended complaint that cures the deficiencies of the Second Amended Complaint as directed by Judge Capel, it is somewhat premature to address the request for injunctive relief. In any event, having carefully reviewed the motion and the Second Amended Complaint, the court finds that the plaintiffs have failed to allege sufficient facts to demonstrate a substantial likelihood of success on the merits of any of their claims. Since the plaintiffs have failed on the most important of the requisites to a grant of a preliminary injunction, the court finds that the plaintiffs are not entitled to preliminary injunctive relief.

Accordingly, it is the RECOMMENDATION of the undersigned that the plaintiffs' motion for preliminary injunction (Doc. No. 50) be DENIED without prejudice and the plaintiffs' Motion to Set Hearing for Preliminary Injunction Argument and Limited Discovery Regarding the Same Matter (Doc. No. 51) be DENIED as moot.

It is further

ORDERED that **on or before July 22, 2020**, Plaintiff may file objections to this Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Plaintiff is advised that frivolous, conclusive, or general objections to the Recommendation will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District

Court of these legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE this 7th day of July, 2020.

                              /s/ Jerusha T. Adams
                              JERUSHA T. ADAMS
                              UNITED STATES MAGISTRATE JUDGE